IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DU-COOK CONSTRUCTION CO., an Illinois corporation, | ) ) ) | FILED MARCH 18, 2008   TC 08CV1593 |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. JUDGE DARRAH MAGISTRATE JUDGE DENLOW |
| ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff Du-Cook Construction Co. ("Du-Cook"), by its attorneys, files this Complaint against Defendant Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers (the "Union"). Du-Cook hereby asks this Court to vacate an arbitration award issued against Du-Cook because it never received notice of the arbitration hearing. This lack of notice precluded Du-Cook from presenting the arbitrators with necessary evidence and information that refutes certain of the findings of the arbitrators.

1.     Du-Cook brings this action pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to vacate an arbitration decision and award issued by the Joint Arbitration Board on or shortly after December 3, 2007 (the "Award"). A true and correct copy of the Award, including the December 19, 2007 transmittal letter from the Union, is attached hereto as Exhibit 1.

1130408-2

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185(a), (c).

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this district pursuant to 29 U.S.C. 185(a) because the Union maintains its office in this district.

4.  This action is timely pursuant to 710 ILCS 5/12(b) because it is filed within ninety (90) days of December 19, 2007, the date that the Union sent a copy of the Award to Du-Cook. (*See* Ex. 1).

## PARTIES

5.  Du-Cook, an Illinois corporation, is an employer within the meaning of 29 U.S.C. § 152(2). Du-Cook is engaged in the construction business in various locations, including the Chicago metropolitan area.

6.  The Union is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 152(5).

## FACTS

7.  The Mid-American Regional Bargaining Association ("MARBA") is a multi-employer association of construction companies doing business in the Chicago metropolitan area.

8.  The Union and MARBA negotiated, and are signatories to, a collective bargaining agreement that is effective from June 1, 2006 to May 31, 2009 (the "Agreement"). Du-Cook has agreed to be bound by the terms of this Agreement.

9. Upon information and belief, on or around November 15, 2007, the Union filed a grievance dispute/demand for arbitration adjudication with the Joint Arbitration Board, the dispute resolution mechanism created by Article X of the Agreement.

10. Upon information and belief, the Union contended in its grievance that Du-Cook was bound by the Agreement and was in violation of the Agreement for using ineligible employees to perform bargaining unit work and for failing to make contributions to the applicable union funds.

11. The Joint Arbitration Board held a hearing to resolve the grievance on December 3, 2007 (the "Hearing"), and some time thereafter issued the Award.

12. Du-Cook did not attend the Hearing because it did not receive notice of the Hearing until after December 19, 2007, the day the Union mailed a copy of the Award to Du-Cook. (*See* Ex. 1.)

13. In particular, Du-Cook did not receive a letter from the Union dated November 15, 2007, as was indicated in the December 19, 2007 letter transmitting a copy of the Award, and did not receive any other correspondence or communication – from either the Union or the Joint Arbitration Board – indicating that a hearing would take place on December 3, 2007.

14. In the Award, the Joint Arbitration Board found that Du-Cook was in violation of the Agreement, and was liable for total damages of $41,739.20. (*See* Ex. 1). The Award also found that Du-Cook must cooperate in and pay for an audit covering June 2004 to present. (*Id.*) The Award specifically stated that Du-Cook was "notified about this meeting by letter of November 15, 2007." (*Id.*)

15. The Union sent a copy of the award to Du-Cook on December 19, 2007. (*See* Ex. 1). This was Du-Cook's first notice that the Hearing had occurred.

## BASES FOR VACATING ARBITRATION AWARD

16. As a party to an arbitration proceeding, Du-Cook had a right to a fundamentally fair hearing, which included reasonable notice of the time and place of the Hearing.

17. Du-Cook never received notice – actual or constructive – of the Hearing until December 19, 2007, over two weeks after the Hearing took place.

18. Furthermore, upon information and belief, neither the Union nor the Joint Arbitration Board took steps reasonably calculated to apprise Du-Cook of the Hearing in advance. Moreover, Du-Cook could not have reasonably discovered that the Hearing would be taking place on December 3, 2007 through the exercise of due diligence.

19. Due to this lack of notice, Du-Cook was not afforded the opportunity to prepare for and attend the Hearing and, therefore, was denied the right to be heard and present evidence that would refute certain of the evidence presented by the Union and alter the findings of the Joint Arbitration Board.

20. Because the Joint Arbitration Board did not possess any evidence that Du-Cook had actual notice of the Hearing, its finding that Du-Cook "was notified about this meeting by letter" was irrational, unfounded, and fundamentally unjust.

21. Likewise, the Joint Arbitration Board's refusal to hear Du-Cook's testimony has deprived Du-Cook of a fair hearing in manifest disregard of the law. This lack of basic due process has clearly prejudiced Du-Cook's rights.

22. For the aforementioned reasons, the Award against Du-Cook was procured by undue means. Further, by conducting the hearing without notice to Du-Cook, the arbitrators engaged in misbehavior by which the rights of Du-Cook were prejudiced.

23. Allowing the Award to stand would be contrary to public policy, pervert basic

notions of fairness and due process, and undermine the validity of the arbitration process.

24. As a result of the above, this Court should vacate the Award pursuant to 9 U.S.C § 10(a).

WHEREFORE, Plaintiff Du-Cook Construction Co. respectfully requests that this Court enter an order denying enforcement of and vacating the Award issued by the Joint Arbitration Board on or shortly after December 3, 2007, and granting Plaintiff such other relief as this Court deems just and appropriate.

Dated: March 18, 2008

Respectfully submitted,

DU-COOK CONSTRUCTION CO.

By: s/ Jeffrey H. Bergman
One of Its Attorneys

Jeffrey H. Bergman
Michael P. McBride
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(312) 977-4400

*Attorneys for Plaintiffs*

1130408-2

5





# *International Union of Bricklayers and Allied Craftworkers*

**HEADQUARTERS**
1950 WEST 43 RD STREET
SUITE: 2 BAC
CHICAGO, ILLINOIS 60609

PRESIDENT - CHAIRMAN
JAMES ALLEN

PHONE: 773•650•1894
FAX: 773•650•1906

SECRETARY - TREASURER
JOSEPH GAGLIARDO

RECORDING SECRETARY
BILL MEYERS



DISTRICT COUNCIL #1 – ILLINOIS

**Local 20**
Joseph Gagliardo
847-336-8130

**Local 21**
James Allen
773-690-1841

**Local 27**
Pete Culver
847-695-3130

**Tuck-Pointers**
**Local 52**
Bill Meyers
312-243-3340

**Local 56**
Timothy Aikens
630-853-5920

**Tile & Terrazzo**
**Local 67**
Ed Juergensen
773-884-6500

**Local 74**
Greg Posch
630-734-0074

REPRESENTING THE
FOLLOWING CRAFTS:
BRICKLAYER
CEMENT MASON
CONCRETE SPECIALIST
FOAM INSULATOR
MARBLE MASON &
FINISHER
MOSAIC WORKER
PLASTERER
POINTER, CLEANER &
CAULKER
PRECAST
REFRACTORY
STONE MASON
TILE LAYER & FINISHER
TERRAZZO WORKER &
FINISHER
WELDER

December 19, 2007

Mr. Donald Tessler
Du-Cook Construction
850 Meadowview Crossing
Unit 5
West Chicago, IL 60185

MARCH 18, 2008    TC
08CV1593
JUDGE DARRAH
MAGISTRATE JUDGE DENLOW

Dear Sir or Madam:

Our letter to you dated November 15, 2007 informed you of a Joint Arbitration Board hearing to resolve a dispute between you and the Union. This hearing was held on December 3, 2007.

Seeing you chose not to have a representative appear, the Joint Arbitration Board heard the case based on the information, evidence, and arguments presented in support of the grievance, and a decision was rendered. Attached you will find the decision of the Joint Arbitration Board.

Payment in the amount of $41,739.20 is to be forwarded to this office within ten (10) days from the date of this letter, and you must cooperate in and pay for an audit covering June 2004 to date. Our accountants will contact you soon about the audit. You must also put a steward to be named by the Union on all current and future job sites, and the appropriate Local Union or Local Unions will contact you soon about those arrangements. Failure to comply with the Joint Arbitration Board's decision will result in legal action, at which time appropriate legal fees will be added to the total amount due as listed above.

Sincerely,

James Allen
President

JA/ak
Enclosure

**EXHIBIT 1**

IN ACCORDANCE WITH ARTICLE X OF THE COLLECTIVE BARGAINING AGREEMENT AND WORKING RULES BETWEEN THE ILLINOIS DISTRICT COUNCIL NO. 1 OF THE I.U.B.A.C. AND THE SIGNATORY CONTRACTORS, A MEETING WAS HELD ON DECEMBER 3, 2007 AT 10:00 A.M. AT THE DISTRICT COUNCIL TRAINING CENTER, 2140 CORPORATE DRIVE, ADDISION, ILLINOIS 60101 TO RESOLVE A DISPUTE THAT CONCERNED VIOLATIONS OF **ARTICLE III, SECTION 3.1, ARTICLE IV, SECTION 4.1, ARTICLE VI, ARTICLE VII, ARTICLE VII, SECTION 7.4, ARTICLE VIII** OF THE AGREEMENT. RICHARD LAUBER AND RICHARD PORTER WERE THE CONTRACTOR APPOINTEES PRESENT AND JOHN THOMPSON AND ROBERT FITAL WERE THE UNION APPOINTEES PRESENT. THE BUSINESSES AND INDIVIDUALS LISTED BELOW WERE NOTIFIED ABOUT THIS MEETING BY LETTER OF NOVEMBER 15, 2007.

REPRESENTATIVE PRESENT FOR LOCAL 20-ILLINOIS : JOSEPH GAGLIARDO

REPRESENTATIVE PRESENT FOR DU-COOK CONSTRUCTION : NONE

DU-COOK CONSTRUCTION HAS A CURRENT COLLECTIVE BARGAINING AGREEMENT, WHICH WAS SIGNED ON OCTOBER 17, 1995 BY DONALD TESSLER.

AFTER HEARING THE CHARGES, ARGUMENTS, TESTIMONY, AND EVIDENCE BY JOSEPH GAGLIARDO, THE JOINT ARBITRATION BOARD FINDS DU-COOK CONSTRUCTION DID VIOLATE **ARTICLE III, SECTION 3.1, ARTICLE IV, SECTION 4.1, ARTICLE VI, ARTICLE VII, ARTICLE VII, SECTION 7.4, ARTICLE VIII** OF THE AGREEMENT BY DISREGARDING THE COLLECTIVE BARGAINING AGREEMENT ENTIRELY AND USING INELIGIBLE EMPLOYEES TO PERFORM BARGAINING UNIT WORK. THE JOINT ARBITRATION BOARD FINDS THAT THE CONTRACTOR HAS PERFORMED AT LEAST 960 HOURS OF WORK FOR THE PERIOD OF JUNE 11 TO AUGUST 31, 2007 IN VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT. THE JOINT ARBITRATION BOARD ORDERS DU-COOK CONSTRUCTION TO MAKE DAMAGE PAYMENTS TO THE HEALTH AND WELFARE AND PENSION FUNDS COVERING THE AREA WHERE THE WORK WAS PERFORMED, THE ANNUITY FUND, AND THE DCTC FUND EQUAL TO WHAT WOULD HAVE BEEN THE CONTRIBUTIONS FOR ALL SUCH HOURS IF THERE HAD BEEN PROPER COMPLIANCE, AND TO MAKE A SEPARATE DAMAGE PAYMENT TO ILLINOIS DISTRICT COUNCIL NO. 1 EQUAL TO THE CHECK-OFF DUES WHICH WOULD HAVE BEEN PAID IF THERE HAD BEEN PROPER COMPLIANCE WITH THE TERMS OF THE CONTRACT.

IN ADDITION, THE JOINT ARBITRATION BOARD IS ASSESSING DAMAGES AGAINST DU-COOK CONSTRUCTION FOR WAGES WHICH WERE NOT PAID TO MEMBERS OF THE BARGAINING UNIT BECAUSE OF THE VIOLATIONS OF CONTRACT. BY EMPLOYING INDIVIDUALS WHO WERE NOT ENTITLED TO PERFORM BRICKLAYING WORK UNDER THE CONTRACT, THE CONTRACTOR DEPRIVED BRICKLAYERS WHO WERE ENTITLED TO SUCH WORK OF THE OPPORTUNITY TO DO IT AND TO EARN WAGES. ALSO, WE THINK IT IS MORE LIKELY THAN NOT THAT THE CONTRACTOR PAID THE WORKERS WHO ACTUALLY PERFORMED THE WORK LESS THAN THE CONTRACTUAL WAGE RATE. AS A REMEMDY FOR THIS PART OF THE VIOLATION, WE

DU-COOK CONSTRUCTION
PAGE 2 OF 4

ORDER DU-COOK CONSTRUCTION TO PAY DAMAGES EQUAL TO THE TOTAL NUMBER OF HOURS OF WORK MULTIPLIED BY TWO-THIRDS OF THE HOURLY WAGE RATE. (WE RECOGNIZE LOCAL 20'S CLAIM THAT THESE DAMAGES SHOULD BE BASED ON THE FULL HOURLY RATE RATHER THAN TWO-THIRDS THAT AMOUNT. WE HAVE CHOSEN TO AWARD DAMAGES BASED ON THE LOWER RATE BECAUSE EVEN THOUGH LOCAL 20 AND BARGAINING UNIT MEMBERS WERE IMPROPERLY DEPRIVED OF ALL THE WORK AND WAGES, THE CONTRACTOR DID PAY SOME WAGES FOR THIS WORK. WE BELIEVE WE WOULD HAVE BEEN JUSTIFIED IN AWARDING THIS PORTION OF THE DAMAGES IN THE WAY REQUESTED BY THE UNION AND IT IS LIKELY THAT IF A SIMILAR CLAIM IS BROUGHT AGAINST THIS CONTRACTOR IN THE FUTURE WE WILL NOT BE SO LENIENT.) BECAUSE IT IS IMPOSSIBLE TO IDENTIFY THE INDIVIDUAL BRICKLAYERS WHO WOULD HAVE RECEIVED THE WORK OPPORTUNITIES AND EARNED THE WAGES IF THE CONTRACTOR HAD NOT BEEN IN VIOLATION, WE ORDER THAT THIS PORTION OF THE DAMAGES BE DIVIDED, ONE PART TO BE DIVIDED BETWEEN THE HEALTH & WELFARE & THE PENSION FUNDS COVERING THE AREA WHERE THE WORK WAS PERFORMED, ALONG WITH THE ANNUITY FUND AND DCTC FUND, DIVIDED IN PROPORTION TO EACH OF THOSE FUNDS' CONTRIBUTION RATES, AND THE OTHER PART TO THE DISTRICT COUNCIL. WE BELIEVE ORDERING THESE PAYMENTS TO BE MADE TO THESE BENEFIT FUNDS AND THE DISTRICT COUNCIL WILL BEST SERVE THE BRICKLAYERS WHO WERE IMPROPERLY DEPRIVED OF WORK OPPORTUNITIES BY THE CONTRACTOR'S IMPROPER ACTIONS. THE EXACT DIVISION OF THESE LOST WAGE DAMAGES WILL BE MADE IN SUCH A WAY AS TO PROVIDE THAT THE TOTAL OWED TO THE FOUR BENEFIT FUNDS AND TO DISTRICT COUNCIL NO. 1, AFTER TAKING INTO ACCOUNT AMOUNTS OWED TO THE FUNDS FOR LOST CONTRIBUTION EQUIVALENT DAMAGES AND TO DISTRICT COUNCIL NO. 1 FOR LOST HOURLY DUES EQUIVALENT DAMAGES, WILL BE THE SAME.

THE JOINT ARBITRATION BOARD FINDS THAT DU-COOK CONSTRUCTION MUST PAY DAMAGES AS SHOWN TO THE DESIGNATED FRINGE BENEFIT FUNDS AND TO DISTRICT COUNCIL NO. 1 AS FOLLOWS:

**LOST CONTRIBUTION EQUIVALENT DAMAGES TO FRINGE BENEFIT FUNDS :**

| FUND | RATE | HOURS | TOTAL |
| --- | --- | --- | --- |
| MASONRY INSTITUTE (WELFARE) | $7.70 | 960 | $ 7,392.00 |
| PENSION | $4.77 | 960 | 4,579.20 |
| ANNUITY | $3.50 | 960 | 3,360.00 |
| D.C.T.C. | $ .25 | 960 | 240.00 |

DU-COOK CONSTRUCTION
PAGE 3 OF 4

**D.C. DUES EQUIVALENT:**          $1.51      960      $1,449.60

**LOST WAGE DAMAGES COMPONENT:**
HOURS: 960          RATE: $24.29          TOTAL: $23,318.40
            (66.67% OF TOTAL)

THE JOINT ARBITRATION BOARDS FURTHER FINDS THAT DU-COOK CONSTRUCTION MUST PAY $1,400.00 TO LOCAL 20 ILLINOIS BASED ON LOST INITIATION FEE DAMAGES OF $550.00 AND LOST DUES DAMAGES OF $150.00 ON EACH OF TWO WORKERS.

**SUMMARY OF DAMAGES:**

| | |
|---|---|
| TO LOCAL 20 HEALTH & WELFARE | -- $ 9,585.44 |
| TO LOCAL 20 PENSION | -- $ 5,944.92 |
| TO DISTRICT COUNCIL NO. 1 ANNUITY | -- $ 4,293.48 |
| TO DIST. COUNCIL TRAINING CENTER | -- $ 345.76 |
| TO DISTRICT COUNCIL NO. 1 | -- $20,169.60 |
| TO LOCAL 20 ILLINOIS | -- $ 1,400.00 |
| TOTAL: | $ 41,739.20 |

IF THE UNION OR THE FUNDS OBTAIN EVIDENCE OF ADDITIONAL WORK PERFORMED IN VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT, THEY MAY FILE A NEW GRIEVANCE AND THE JOINT ARBITRATION BOARD WILL CONSIDER AWARDING FURTHER DAMAGES.

THE JOINT ARBITRATION BOARD ALSO FINDS THAT DU-COOK CONSTRUCTION MUST PLACE A STEWARD, TO BE NAMED BY THE UNION, ON ALL JOBSITES WHERE IT IS CURRENTLY PERFORMING WORK AND ON ALL FUTURE PROJECTS. FOR EACH JOBSITE OF DU-COOK CONSTRUCTION, THE UNION MAY DESIGNATE A CURRENT EMPLOYEE TO SERVE AS STEWARD OR MAY DESIGNATE A JOURNEYMAN BRICKLAYER WHO IS NOT CURRENTLY EMPLOYED BY DU-COOK BUT WHOM DU-COOK CONSTRUCTION WILL THEN BE REQUIRED TO EMPLOY SO THAT HE OR SHE MAY SERVE AS STEWARD. THE UNION'S APPOINTMENT AND PLACEMENT OF THE STEWARD OR STEWARDS, AND THEIR EMPLOYMENT BY DU-COOK CONSTRUCTION, SHALL BE AS DESCRIBED IN ARTICLE XVI OF THE COLLECTIVE BARGAINING AGREEMENT, AND THE STEWARD OR STEWARDS WILL HAVE RESPONSIBILITIES AS SET FORTH IN ARTICLE XVI, BUT THE REQUIREMENT THAT DU-COOK

DU-COOK CONSTRUCTION
PAGE 4 OF 4

CONSTRUCTION HAVE STEWARDS ON ALL JOBSITES IS PART OF THE REMEDY ISSUED BY THE JOINT ARBITRATION BOARD IN RESPONSE TO THE VIOLATION OF CONTRACT FOUND TO HAVE OCCURRED HERE.

THE JOINT ARBITRATION BOARD ALSO ORDERS THAT DU-COOK CONSTRUCTION MUST SUBMIT TO, PAY FOR, AND COOPERATE IN A WAGE AND BENEFIT AUDIT COVERING JUNE 2004 TO DATE, TO BE CONDUCTED BY AN AUDITOR SELECTED BY DISTRICT COUNCIL NO. 1.

IF THE EMPLOYER FAILS TO MAKE THE PAYMENTS AS PROVIDED FOR OR OTHERWISE FAILS TO ABIDE BY THIS AWARD AND THERE IS ANY LEGAL ACTION CONCERNING IT, THE EMPLOYER SHALL REIMBURSE THE UNION AND/OR THE FUNDS FOR ALL COSTS AND LEGAL FEES INCURRED IN SUCH LEGAL ACTION, AND SHALL ALSO PAY INTEREST AT THE RATE OF 10% A YEAR FROM THE DATE OF THE HEARING, DECEMBER 3, 2007, TO THE DATE OF PAYMENT.

_____
RICHARD LAUBER

_____
JOHN THOMPSON

_____
RICHARD PORTER

_____
ROBERT FITAL